# EXHIBIT F

FILED: ONONDAGA COUNTY CLERK 03/15/2022 02:14 PM       INDEX NO. 001367/2022
NYSCEF DOC. NO. 5                                      RECEIVED NYSCEF: 03/15/2022

Supreme Court of the State of New York
County of Onondaga

Estate of ███████████,

            Plaintiff,            Index No. 001367/2022

   V                              Answer

Town of DeWitt et al.,

            Defendants.

County of Onondaga and Amy Bollinger (defendants), as an answer to the complaint of Estate of Judson L. Albahm (plaintiff), allege on information and belief:

1. Defendants deny the statements of paragraphs numbered 19, 20, 21, 22, 25, 28, 29, 31, 34, 35, 37, 38, 39, 42, 43, 44, 45, 46, 48, 49, 50, 51, 52, 54, 55, 56, 57, 59, 62, 64, 65, 67, 68, 69, 70, 72, 73, 74, 75, 76, 78, 79, 80, and 81of the complaint.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements of paragraphs numbered 16, 17, and 63 of the complaint.

3. Defendants deny the statements of paragraphs numbered 27, 33, and 61of the complaint that Town of DeWitt (Town), Town Police Department, County of Onondaga (County), and County Sheriff's Department (OCSO) are vicariously liable for the acts of Lucas Byron (Byron), Matthew Menard (Menard), and Amy Bollinger (Bollinger).

First Defense

4. County is a public corporation and political subdivision of the state.

5. OCSO is not a person, corporation, or other entity having legal capacity to be sued.

6. A cause of action against OCSO may not be prosecuted or maintained because OCSO has not legal capacity to be sued.

1

Second Defense

7. OCSO is part of County.

8. OCSO has not a legal identity different from County.

9. A cause of action against OCSO is duplicative of a cause of action against County.

10. A cause of action against OCSO may not be prosecuted or maintained because it is duplicative of a cause of action against County.

Third Defense

11. Bollinger was employed by County in an official capacity of deputy sheriff.

12. County has a statutory obligation to indemnify Bollinger for an act or omission in an official capacity.

13. Bollinger in an official capacity has not a legal identity different from County.

14. A cause of action against Bollinger in an official capacity may not be prosecuted or maintained because it is duplicative of a cause of action against County.

Fourth Defense

15. Defendants' acts or omissions were reasonable, in good faith, and discretionary acts or omissions in the performance of a governmental function.

16. Defendants have governmental immunity from a cause of action arising out of reasonable, in good faith, and discretionary acts or omissions in the performance of a governmental function.

17. A cause of action against defendants may not be prosecuted or maintained because of governmental immunity.

### Fifth Defense

18. Defendants' acts or omissions were reasonable, in good faith, and ministerial acts or omissions in the performance of a governmental function with respect to which defendants had no special relationship to ▓▓▓▓▓▓.

19. Defendants have governmental immunity from a cause of action arising out of reasonable, in good faith, and ministerial acts or omissions in the performance of a governmental function with respect to which defendants had no special relationship to ▓▓▓▓.

20. A cause of action against defendants may not be prosecuted or maintained because of governmental immunity.

### Sixth Defense

21. It does not appear by and as an allegation of the complaint that at least 30 days have elapsed since the service of a notice of claim in compliance with General Municipal Law § 50-e, and that adjustment or payment thereof has been neglected or refused.

22. A condition precedent to the prosecution or maintenance of a cause of action against defendants for personal injury or wrongful death has not been performed.

23. A cause of action against defendants for personal injury or wrongful death may not be prosecuted or maintained because of failure to perform a condition precedent.

### Seventh Defense

24. The personal injury and death of Albahm occurred while ▓▓▓▓ was engaged in acts involving a substantial violation of the law.

25. The personal injury and death of ▓▓▓▓ were caused by acts of ▓▓▓▓ that involved a substantial violation of the law.

3

26. Public policy prohibits the court's awarding damages for the personal injury and death of Albahm that occurred while ▇ was engaged in acts involving a substantial violation of the law.

27. Public policy prohibits the court's awarding damages for the personal injury and death of Albahm caused by acts of ▇ that involved a substantial violation of the law.

28. A cause of action against defendants for personal injury or wrongful death of ▇ may not be prosecuted or maintained because of public policy.

### Eighth Defense

29. Plaintiff's damages were caused by the culpable conduct of ▇

30. The amount of damages otherwise recoverable by plaintiff shall be diminished in the proportion which the culpable conduct attributable to ▇ bears to the culpable conduct which caused the damages.

### Ninth Defense

31. Defendants' liability for plaintiff's non-economic loss is fifty percent or less of the total liability assigned to all persons liable.

32. Defendants' liability to plaintiff for non-economic loss shall not exceed defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's non-economic loss.

### Tenth Defense

33. Plaintiff's economic loss was or will be replaced or indemnified from collateral sources.

34. Plaintiff's damages for economic loss otherwise recoverable shall be diminished by the amount of plaintiff's economic loss that was or will be replaced or indemnified from collateral sources.

### Eleventh Defense

35. Defendants' placing ▇▇▇ in apprehension of bodily contact was justified and privileged as reasonably believed necessary in defense of person.

36. Defendants' placing of ▇▇▇ in apprehension of bodily contact was justified and privileged as reasonably believed necessary in performance of a public duty.

37. Defendants' placing ▇▇▇ in apprehension of bodily contact was justified and privileged as reasonably believed necessary to make a lawful arrest ▇▇▇.

### Twelfth Defense

38. Defendants' contacting ▇▇▇ body was justified and privileged as reasonably believed necessary in defense of person.

39. Defendants' contacting ▇▇▇ body was justified and privileged as reasonably believed necessary in performance of a public duty.

40. Defendants' contacting ▇▇▇ body was justified and privileged as reasonably believed necessary to make a lawful arrest of ▇▇▇.

### Thirteenth Defense

41. Defendants' use of force against ▇▇▇ was justified and privileged as reasonably believed necessary in defense of person.

42. Defendants' use of force against ▇▇▇ was justified and privileged as reasonably believed necessary in performance of a public duty.

43. Defendants' use of force against ▇▇▇ was justified and privileged as reasonably believed necessary to make a lawful arrest of ▇▇▇.

44. Defendants' use of force against ▇▇▇ was not extreme and outrageous conduct.

### Fourteenth Defense

45. The complaint fails to state a cause of action against defendants for personal injury or wrongful death.

### Fifteenth Defense

46. The complaint fails to state a cause of action against defendants for assault.

### Sixteenth Defense

47. The complaint fails to state a cause of action against defendants for battery.

### Seventeenth Defense

48. The complaint fails to state a cause of action against defendants for intentional infliction of emotional distress.

### Eighteenth Defense

49. The complaint fails to state a cause of action against defendants for violation of rights secured by the US Constitution and laws.

### Nineteenth Defense

50. The complaint fails to state a cause of action against defendants for violation of rights secured by the NY Constitution and laws.

### Twentieth Defense

51. Punitive damages may not be awarded against County.

### Twenty-first Defense

52. Punitive damages may not be awarded against Bollinger in an official capacity.

Twenty-second Defense

53. The complaint fails to state a cause of action against defendants for which plaintiff may be awarded an attorney's fee.

54. An attorney's fee may not be assessed against defendants.

First Cross Claim

55. If defendants and Town are subject to liability for plaintiff's damages partly caused by the culpable conduct of Town, defendants are entitled to contribution from Town in the amount of the excess paid by defendants over and above defendants' equitable share of any judgment for damages recovered by plaintiff, determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's damages.

Second Cross Claim

56. If defendants and Town are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Town, defendants are entitled to common law indemnity from Town in the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and in the amount paid by defendants of a judgment for damages recovered by plaintiff.

Third Cross Claim

57. If defendants and Byron are subject to liability for plaintiff's damages partly caused by the culpable conduct of Byron, defendants are entitled to contribution from Byron in the amount of the excess paid by defendants over and above defendants' equitable share of any judgment for damages recovered by plaintiff, determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's damages.

FILED: ONONDAGA COUNTY CLERK 03/15/2022 02:14 PM                INDEX NO. 001367/2022
NYSCEF DOC. NO. 5                                                RECEIVED NYSCEF: 03/15/2022

### Fourth Cross Claim

58. If defendants and Byron are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Byron, defendants are entitled to common law indemnity from Byron in the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and in the amount paid by defendants of a judgment for damages recovered by plaintiff.

### Fifth Cross Claim

59. If defendants and Menard are subject to liability for plaintiff's damages partly caused by the culpable conduct of Menard, defendants are entitled to contribution from Menard in the amount of the excess paid by defendants over and above defendants' equitable share of any judgment for damages recovered by plaintiff, determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's damages.

### Sixth Cross Claim

60. If defendants and Menard are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Menard, defendants are entitled to common law indemnity from Menard in the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and in the amount paid by defendants of a judgment for damages recovered by plaintiff.

Seventh Cross Claim

61. If defendants and Corey Fike (Fike) are subject to liability for plaintiff's damages partly caused by the culpable conduct of Fike, defendants are entitled to contribution from Fike in the amount of the excess paid by defendants over and above defendants' equitable share of any judgment for damages recovered by plaintiff, determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's damages.

Eighth Cross Claim

62. If defendants and Fike are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Fike, defendants are entitled to common law indemnity from Fike in the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and in the amount paid by defendants of a judgment for damages recovered by plaintiff.

Demand for Relief

63. Defendants demand a judgment dismissing the complaint against defendants.

64. Defendants demand a judgment diminishing the amount of damages otherwise recoverable by plaintiff in the proportion which the culpable conduct attributable to ▅▅▅ bears to the culpable conduct which caused the damages.

65. Defendants demand a judgment that defendants' liability for plaintiff's non-economic loss is fifty percent or less of the total liability assigned to all persons liable, and that the amount of non-economic loss recoverable by plaintiff from defendants is limited to defendants' equitable share of the total liability assigned to all persons liable.

9

66. Defendants demand a judgment diminishing the amount of plaintiff's damages for economic loss otherwise recoverable by the amount of plaintiff's economic loss that was or will be replaced or indemnified from collateral sources.

67. Defendants demand a judgment that defendants have contribution from and recover of Town the amount of the excess paid by defendants over and above defendants' equitable share of a judgment for damages recovered by plaintiff, if defendants and Town are subject to liability for plaintiff's damages partly caused by the culpable conduct of Town.

68. Defendants demand a judgment that defendants have common law indemnity from and recover of Town the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and the amount paid by defendants of a judgment for damages recovered by plaintiff, if defendants and Town are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Town.

69. Defendants demand a judgment that defendants have contribution from and recover of Byron the amount of the excess paid by defendants over and above defendants' equitable share of a judgment for damages recovered by plaintiff, if defendants and Byron are subject to liability for plaintiff's damages partly caused by the culpable conduct of Byron.

70. Defendants demand a judgment that defendants have common law indemnity from and recover of Byron the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and the amount paid by defendants of a judgment for damages recovered by plaintiff, if defendants and Byron are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Byron.

71. Defendants demand a judgment that defendants have contribution from and recover of Menard the amount of the excess paid by defendants over and above defendants' equitable share of a judgment for damages recovered by plaintiff, if defendants and Menard are subject to liability for plaintiff's damages partly caused by the culpable conduct of Menard.

72. Defendants demand a judgment that defendants have common law indemnity from and recover of Menard of the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and the amount paid by defendants of a judgment for damages recovered by plaintiff, if defendants and Menard are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Menard.

73. Defendants demand a judgment that defendants have contribution from and recover of Fike the amount of the excess paid by defendants over and above defendants' equitable share of a judgment for damages recovered by plaintiff, if defendants and Fike are subject to liability for plaintiff's damages partly caused by the culpable conduct of Fike.

74. Defendants demand a judgment that defendants have common law indemnity from and recover of Fike the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and the amount paid by defendants of a judgment for damages recovered by plaintiff, if defendants and Fike are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Fike.

75. Defendants demand costs and disbursements of the action.

Dated: 15 March 2022

*[signature]*

John E. Heisler Jr.
Attorney for Defendants
Onondaga County Department of Law
John H. Mulroy Civic Center, 10th Floor
421 Montgomery Street
Syracuse, New York 13202
Telephone: (315) 435-2170

Affirmation of Verification

John E. Heisler Jr., an attorney admitted to practice in the courts of the state, affirms it to be true this 15th day of March, 2022, under the penalties of perjury, that: he is the attorney for County of Onondaga (County) and Amy Bollinger (Bollinger), defendants united in interest and pleading together; the foregoing answer of County and Bollinger to the complaint of Estate of ▓▓▓▓▓▓▓▓ is true to his knowledge, except as to matters therein alleged on information and belief, and as to those matters he believes it to be true; the grounds of his belief as to all matters not stated upon his knowledge are information provided to him by Bollinger and information in County records of which County's law department has custody or control; and the reason why this affirmation of verification is not made by County is that County is a governmental subdivision and he is a person acquainted with the facts.

_____
John E. Heisler Jr.