FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM    INDEX NO. 001367/2022
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/28/2022

**SUPREME COURT**
**STATE OF NEW YORK        COUNTY OF ONONDAGA**

Estate of JUDSON L. ALBAHN,

                    ***Plaintiff,***

        -vs-

THE TOWN DEWITT,
THE TOWN OF DEWITT POLICE DEPARTMENT,
LUCAS BYRON, individually,
MATTHEW MENARD, individually,
COUNTY OF ONONDAGA,
ONONDAGA COUNTY SHERIFF'S DEPARTMENT,
AMY BOLLINGER, individually, and
COREY FIKE, individually,

                    ***Defendants.***

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates
Onondaga County as the
place of trial.

The basis of venue is:
Residence of Administrator
and situs of injury.

The Administrator resides
at: 4372 Apulia Road,
Jamesville, NY 13078,
County of Onondaga.

**To the above-named Defendants:**

        **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and
to serve a copy of your answer or, if the Verified Complaint is not served with this Summons, to
serve a notice of appearance on the Plaintiff's attorneys within twenty (20) days after the service
of this Summons, exclusive of the day of service, where service is made by delivery upon you
personally within the state or, within thirty (30) days after completion of service where service is
made in any other manner. In case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the Verified Complaint.

Dated: February 24, 2022

                    WEISBERG & ZUKHER, PLLC.

                    David E. Zukher, Esq.
                    *Attorneys for Plaintiff*
                    109 S. Warren Street, Suite 711
                    Syracuse, New York 13202
                    Telephone (315) 701-2939

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM
INDEX NO. 001367/2022

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 02/28/2022

To:

Town of DeWitt
5400 Butternut Drive
East Syracuse, NY 13057

Town of DeWitt Police Department
5400 Butternut Drive
East Syracuse, NY 13057

Lucas Byron c/o
Town of DeWitt Police Department
5400 Butternut Drive
East Syracuse, NY 13057

Matthew Menard c/o
Town of DeWitt Police Department
5400 Butternut Drive
East Syracuse, NY 13057

County of Onondaga
421 Montgomery Street
Syracuse, NY 13202

Onondaga County Sheriff's Department
407 South State Street
Syracuse, NY 13202

Amy Bollinger c/o
Onondaga County Sheriff's Department
407 South State Street
Syracuse, NY 13202

Corey Fike c/o
NYS Police Trooper's Baracks
Troop D, Zone 2
101 North Constellation Way
North Syracuse, NY 13212

2

SUPREME COURT
STATE OF NEW YORK        COUNTY OF ONONDAGA

Estate of ███████████,

|  |  |
|---|---|
| **Plaintiff,** | **VERIFIED COMPLAINT** |
| -vs- | Index No.: |
| THE TOWN DEWITT, | RJI No.: |
| THE TOWN OF DEWITT POLICE DEPARTMENT, | |
| LUCAS BYRON, individually, | Hon.: |
| MATTHEW MENARD, individually, | |
| COUNTY OF ONONDAGA, | |
| ONONDAGA COUNTY SHERIFF'S DEPARTMENT, | |
| AMY BOLLINGER, individually, and | |
| COREY FIKE, individually, | |
| **Defendants.** | |

The Plaintiff, the Estate of ███████████ (hereinafter "Estate" or "Plaintiff"), by its

attorneys, Weisberg & Zukher, PLLC., David E. Zukher, Esq., complaining of the above-named

Defendants, alleges and states as follows:

### THE PARTIES

1.        ███████████, was an individual, now deceased (DOD: ███████████) (the

"Deceased" or "███████"), and at all times mentioned in this Verified Complaint, was a resident

of the County of Onondaga, State of New York, residing at:  4372 Apulia Road, Jamesville, NY

13078.

2.        On or about January 31, 2022, the Surrogate's Court of the State of New York,

County of Onondaga, issued Letters and a Certificate of Appointment of Administrator, naming

Mr. Loft Albahm, the natural father of the Deceased (hereinafter "Administrator"), as the

Administrator of the Estate of ███████████.  True and correct copies of the Certificate of

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM    INDEX NO. 001367/2022
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/28/2022

Appointment and Letters are attached hereto as *Exhibit A*.  The Administrator resides at 4372 Apulia Road, Jamesville, NY 13078.

3.      Upon information and belief, Defendant, The Town of DeWitt, is now and at all times mentioned in this Verified Complaint, a municipal corporation organized and existing under the laws of the State of New York and situated in Onondaga County, State of New York, with its principal offices located at 5400 Butternut Drive, East Syracuse, NY 13057.

4.      Upon information and belief, Defendant, The Town of DeWitt Police Department, is now and at all times mentioned in this Verified Complaint a municipal agency that is wholly owned, operated, and run by Defendant, The Town of Dewitt, with its principal offices located at 5400 Butternut Drive, East Syracuse, NY 13057.

5.      Upon information and belief, Defendant, Lucas Byron (hereinafter "Officer Byron"), is an individual and is now and at all times mentioned in this Verified Complaint a resident of Onondaga County, State of New York.  At all times mentioned in this Verified Complaint, Defendant, Officer Byron, was employed as a police officer by Defendants, The Town of DeWitt and/or the Town of DeWitt Police Department and, in doing the acts alleged in this Verified Complaint, was acting within the course and scope of said employment.

6.      Upon information and belief, Defendant, Matthew Menard (hereinafter "Officer Menard"), is an individual and is now and at all times mentioned in this Verified Complaint a resident of Onondaga County, State of New York.  At all times mentioned in this Verified Complaint, Defendant, Officer Menard, was employed as a police officer by Defendants, The Town of DeWitt and/or the Town of DeWitt Police Department and, in doing the acts alleged in this Verified Complaint, was acting within the course and scope of said employment.

2

7.      Upon information and belief, Defendant, the County of Onondaga, is now and at all times mentioned in this Verified Complaint, a municipal corporation organized and existing under the laws of the State of New York and situated in Onondaga County, State of New York, with its principal offices located at 421 Montgomery Street, Syracuse, NY 13202.

8.      Upon information and belief, Defendant, Onondaga County Sheriff's Department, is now and at all times mentioned in this Verified Complaint a municipal agency that is wholly owned, operated, and run by Defendant, The County of Onondaga, with its principal offices located at 407 South State Street, Syracuse, NY 13202.

9.      Upon information and belief, Defendant, Amy Bollinger (hereinafter "Officer Bollinger"), is an individual and is now and at all times mentioned in this Verified Complaint a resident of Onondaga County, State of New York. At all times mentioned in this Verified Complaint, Defendant, Officer Bollinger, was employed as a police officer by Defendants, Onondaga County and/or the Onondaga County Sheriff's Department and, in doing the acts alleged in this Verified Complaint, was acting within the course and scope of said employment.

10.     Upon information and belief, Defendant, Corey Fike (hereinafter "Trooper Fike"), is an individual and is now and at all times mentioned in this Verified Complaint a resident of Onondaga County, State of New York. At all times mentioned in this Verified Complaint, Defendant, Trooper Fike, was employed as a police officer by the State of New York and, in doing the acts alleged in this Verified Complaint, was acting within the course and scope of said employment.

11.     The basis for venue is the former residence of the Deceased and the residence of the Administrator, to wit: 4372 Apulia Road, Jamesville, NY 13078, County of Onondaga.

3

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM    INDEX NO. 001367/2022
NYSCEF DOC. NO. 1                                                        RECEIVED NYSCEF: 02/28/2022

Upon information and belief, the basis for venue is also the place where the injury to Decedent occurred, to wit: Jamesville, NY, County of Onondaga.

      12.    On or about May 18, 2021, Plaintiff timely presented to Defendants, The Town of DeWitt and the Town of DeWitt Police Department, pursuant to General Municipal Law Section 50-e, a verified notice of claim for the injuries and damages sustained by Plaintiff as a result of the incident described in this Verified Complaint. A copy of the Notice of Claim with Affidavits of Service is attached as *Exhibit B*.

      13.    On or about May 18, 2021, Plaintiff timely presented to Defendants, County of Onondaga and the Onondaga County Sheriff's Department, pursuant to General Municipal Law Section 50-e, a verified notice of claim for the injuries and damages sustained by Plaintiff as a result of the incident described in this Verified Complaint. A copy of the Notice of Claim with Affidavits of Service is attached as *Exhibit C*.

      14.    Pursuant to CPLR §509, the Plaintiff designates the County of Onondaga as the place for trial.

## THE FACTS

      15.    Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 14 above of the Verified Complaint as if stated with particularity herein.

      16.    On March 4, 2021, at 4372 Apulia Road, Jamesville, NY, County of Onondaga, Mrs. Carissa A. Albahm, the natural mother of ████, a seventeen (17) year-old minor child (DOB: ████), called the St. Joseph's Hospital Health Center, the Comprehensive Psychiatric Emergency Program, to report that ████ was continuing to experience a mental health crisis.

      17.    At approximately 12:24 p.m. of the same day, Mrs. Albahm called the police for assistance, so that her son could be brought in for medical treatment safely by the police, after

4

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM    INDEX NO. 001367/2022
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/28/2022

██████ fled by car from a mobile crisis team dispatched by the St. Joseph's Hospital Health Center.

18.    Upon information and belief, three (3) different police agencies responded to the 911 call made by Mrs. Albahm, including, The DeWitt Police, Investigators Lucas Byron and Matthew Menard; the Onondaga County Sherriff's Office, Sergeant Amy Bollinger; and the NYS Police, Trooper Fike.

19.    Upon information and belief, dispatchers, family members, and others on the scene repeatedly warned all of the officers involved that ██████ had a history of mental illness; had/owned an airsoft/pellet gun, commonly referred to as a BB Gun; and had prior threatened suicide by "cop."

20.    Less than an hour after arriving on the scene, at approximately, 1:25 p.m., during their pursuit of ██████, the aforementioned police officers, despite knowing or having reason to know that ██████ only had a BB Gun, repeatedly discharged their service weapons and shot ██████ multiple times all over his body, thereby, recklessly and negligently causing ██████s death.

21.    Defendants, as police agencies and officers, had a duty to the general public, of whom ██████ was a member, to safeguard Judson's safety and to act as reasonable and prudent agencies and police officers under the then prevailing circumstances. Despite the same, Defendants breached their duty to ██████ by carelessly, negligently, and/or recklessly proximately causing Judson's death.

22.    Specifically, Defendants, among other negligent and intentional failures, failed to establish proper communications with each other; ██████; ██████ family; and the St. Joseph's Comprehensive Psychiatric Mobile Crisis Outreach Team which was present on the scene; failed

5

to properly de-escalate the situation; failed to deploy/dispatch properly trained crisis intervention officers; failed to employ proper de-escalation techniques to defuse the situation; failed to employ/utilize body cameras; failed to establish a proper chain of command; failed to communicate with one-another to develop a viable and safe plan/objective; and failed to consider/read the dispatch information available to them.

23.    Upon information and belief, pursuant to Executive Order No. 147, the State Attorney General of the State of New York is currently conducting a criminal investigation as to the conduct of the police officers and agencies involved, the results of which criminal investigation have not, as of the filing of this Verified Complaint, been made public. The alleged victim of said investigation is the Deceased and/or his Estate.

## FIRST CAUSE OF ACTION: ASSAULT

24.    Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 23 above of the Verified Complaint as if stated with particularity herein.

25.    Defendants, Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike engaged in physical conduct by using unreasonable and excessive force against ███████; to wit: the said Defendants repeatedly discharged their service weapons at ██████ which placed ██████ in imminent apprehension of harmful contact.

26.    Plaintiff pleads the doctrine of *res ipsa loquitur*.

27.    Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Verified Complaint, Defendants, Officer Byron, Officer Menard, and Officer Bollinger were the agents and employees of their codefendants, The Town of DeWitt and The Town of DeWitt Police Department and the County of Onondaga and The Onondaga County Sheriff's Department, and in doing the things alleged in this Verified

6

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM

NYSCEF DOC. NO. 1

INDEX NO. 001367/2022

RECEIVED NYSCEF: 02/28/2022

Complaint were acting within the course and scope of that agency and employment. As such, Defendants, The Town of DeWitt and The Town of DeWitt Police Department and the County of Onondaga and The Onondaga County Sheriff's Department are vicariously liable for the acts of Defendants Officer Byron, Officer Menard, and Officer Bollinger.

28. As a result of the proximate actions of Defendants, as herein alleged, ████ suffered pain, suffering, degradation and humiliation, permanent physical injuries, including wrongful death. As a further direct and proximate result of Defendants' negligence, Decedent, after experiencing significant conscious pain and suffering, ultimately died from injuries inflicted upon him after being repeatedly shot by Defendants. Decedent is survived by family members, who are beneficiaries to the Estate and this action. As a direct and proximate result of the Defendants' negligence, having caused the wrongful death of ████ and/or the loss of his chance for survival, the above beneficiary and heirs at law suffered and will continue to suffer damages, including but not limited to the following: loss of support from the reasonably expected earning capacity of Decedent; loss of services of Decedent; loss of the society of Decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to Decedent's heirs at law at the time of his death; and the mental anguish incurred by ████ s surviving family.

29. In perpetrating the assault, as set forth herein, Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages as against the Defendants.

7

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM
NYSCEF DOC. NO. 1

INDEX NO. 001367/2022
RECEIVED NYSCEF: 02/28/2022

## SECOND CAUSE OF ACTION: BATTERY

30.     Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 29 above of the Verified Complaint as if stated with particularity herein.

31.     Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike engaged in bodily contact with ███████ by brutally and repeatedly discharging their police weapons at ██████, which bullets struck ███████ multiple times about his body thereby, using unreasonable and excessive force against ████████, with the intent to cause ██████ serious and grievous bodily injury. The bodily contact was without permission of ██████ and was offensive in nature to ███████ ultimately causing his death.

32.     Plaintiff hereby pleads the doctrine of *res ipsa loquitur*.

33.     Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Verified Complaint, Defendants, Officer Byron, Officer Menard, and Officer Bollinger were the agents and employees of their codefendants, The Town of DeWitt and The Town of DeWitt Police Department and the County of Onondaga and The Onondaga County Sheriff's Department, and in doing the things alleged in this Verified Complaint were acting within the course and scope of that agency and employment. As such, Defendants, The Town of DeWitt and The Town of DeWitt Police Department and the County of Onondaga and The Onondaga County Sheriff's Department are vicariously liable for the acts of Defendants Officer Byron, Officer Menard, and Officer Bollinger.

34.     As a result of the actions of Defendants, as herein alleged, ██████ suffered pain, suffering, degradation and humiliation, permanent physical injuries, including wrongful death. As a further direct and proximate result of Defendants' negligence, Decedent, after experiencing significant conscious pain and suffering, ultimately died from injuries inflicted upon him after

**8**

being repeatedly shot by Defendants. Decedent is survived by family members, who are beneficiaries to the Estate and this action. As a direct and proximate result of the Defendants' negligence, having caused the wrongful death of ▓▓▓ and/or the loss of his chance for survival, the above beneficiary and heirs at law suffered and will continue to suffer damages, including but not limited to the following: loss of support from the reasonably expected earning capacity of Decedent; loss of services of Decedent; loss of the society of Decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to Decedent's heirs at law at the time of his death; and the mental anguish incurred by Judson's surviving family.

35.    In perpetrating the battery, as set forth herein, Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike acted with oppression, fraud, or malice, entitling the Estate to an award of punitive damages as against the Defendants.

## THIRD CAUSE OF ACTION: WRONGFUL DEATH

36.    Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 35 above of the Verified Complaint as if stated with particularity herein.

37.    As a direct and proximate result of the wrongful and negligent conduct of Defendants, ▓▓▓ was repeatedly shot by police gunfire. As a direct and proximate result of Defendants' negligence, ▓▓▓, after experiencing significant conscious pain and suffering, ultimately died from those injuries. Upon information and belief, Defendants would have been liable to ▓▓▓ for the negligent gruesome injuries caused to him had Judson's death not ensued; to wit: Defendants' negligent wrongful conduct, as herein alleged, gave rise to this wrongful death cause of action, along with the other several causes of action alleged in this

9

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM    INDEX NO. 001367/2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/28/2022

Verified Complaint, all of which causes of action could have been maintained, at the moment of death, by the Decedent if death had not ensued.

38.    As a result of ▮▮▮▮ death the Estate and it's numerous surviving distributes have suffered damages including medical and funeral expenses due to the Decedent's injury and death that have become a charge against his Estate or were paid on behalf of the Decedent and loss of the prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

39.    Each of ▮▮▮▮ several surviving family members/distributes, have lost the parental companionship, instruction, and guidance of ▮▮▮▮ and has sustained damages for mental pain and suffering as a result of the loss of Judson's life. The Estate and several of Judson's surviving family members/distributes have lost the prospective net accumulations, which might reasonably have been expected but for the wrongful death; and the Estate and survivors are entitled to all other damages as allowed by law, including, but not limited to loss of support from the reasonably expected earning capacity of Decedent; loss of services of Decedent; loss of the society of Decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education suffered by the next-of-kin; loss of prospective inheritance to Decedent's heirs at law at the time of his death; and the mental anguish incurred by the surviving next-of-kin.

40.    On or about January 31, 2022, the Surrogate's Court of the State of New York, County of Onondaga, issued Letters and a Certificate of Appointment of Administrator, naming Mr. Loft Albahm, as Administrator of the Estate of ▮▮▮▮. True and correct copies of the Certificate of Appointment and Letters are attached hereto as *Exhibit A.*

10

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM    INDEX NO. 001367/2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/28/2022

## FOURTH CAUSE OF ACTION: IIED AS AGAINST DEFENDANTS OFFICERS BYRON, MENARD, BOLLINGER, AND TROOPER FIKE INDIVIDUALLY

41.    Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 40 above of the Verified Complaint as if stated with particularity herein.

42.    The actions of Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike in brutally assaulting ████ and causing him grievous bodily injury without the permission or consent of ████ while, in fact, acting in the capacity of police officers who are charged with serving, protecting, and ensuring the well-being and welfare of the public and the community at large, of which ████ was a member, constitutes extreme and outrageous conduct.

43.    The actions of Defendants, as set forth above, intended to cause and disregarded the substantial probability of causing severe emotional distress to ████

44.    The actions of Defendants, as set forth herein, were the sole competent and producing actual and proximate cause of Plaintiff's damages.

45.    As a result of the actions of Defendants, as herein alleged, ████ suffered pain, suffering, degradation and humiliation, permanent physical injuries, including wrongful death. As a further direct and proximate result of Defendants' negligence, Decedent, after experiencing significant conscious pain and suffering, ultimately died from injuries inflicted upon him after being repeatedly shot by Defendants. Decedent is survived by family members, who are beneficiaries to the Estate and this action. As a direct and proximate result of the Defendants' negligence, having caused the wrongful death of ████ and/or the loss of his chance for survival, the above beneficiary and heirs at law suffered and will continue to suffer damages, including but not limited to the following: loss of support from the reasonably expected earning capacity of Decedent; loss of services of Decedent; loss of the society of Decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance,

11

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM
NYSCEF DOC. NO. 1

INDEX NO. 001367/2022
RECEIVED NYSCEF: 02/28/2022

counsel, instruction, training, and education; loss of prospective inheritance to Decedent's heirs at law at the time of his death; and the mental anguish incurred by ▓▓▓▓surviving family.

46.     By intentionally inflicting emotional distress upon ▓▓▓▓ as set forth herein, Defendants, Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against the said individual Defendants.

## FIFTH CAUSE OF ACTION: NIED AS AGAINST DEFENDANTS OFFICERS BYRON, MENARD, BOLLINGER, AND TROOPER FIKE INDIVIDUALLY

47.     Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 46 above of the Verified Complaint as if stated with particularity herein.

48.     Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike, as police officers in the community where ▓▓▓▓resided, owed ▓▓▓▓a duty to safeguard and ensure his safety and well-being.

49.     Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike breached said duty to ▓▓▓▓ by brutally assaulting him with bullets discharged from their firearms, all without the permission or consent of ▓▓▓▓.

50.     The actions of Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike exposed ▓▓▓▓ to an unreasonable risk of bodily injury and unreasonably endangered his physical safety and caused him to fear for his safety and were the sole competent and producing actual and proximate cause of ▓▓▓▓ injury and damages.

51.     As a result of the actions of Defendants, as herein alleged, ▓▓▓▓ suffered pain, suffering, degradation and humiliation, permanent physical injuries, including wrongful death. As a further direct and proximate result of Defendants' negligence, Decedent, after experiencing significant conscious pain and suffering, ultimately died from injuries inflicted upon him after

12

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM    INDEX NO. 001367/2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/28/2022

being repeatedly shot by Defendants. Decedent is survived by family members, who are beneficiaries to the Estate and this action. As a direct and proximate result of the Defendants' negligence, having caused the wrongful death of ███████ and/or the loss of his chance for survival, the above beneficiary and heirs at law suffered and will continue to suffer damages, including but not limited to the following: loss of support from the reasonably expected earning capacity of Decedent; loss of services of Decedent; loss of the society of Decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to Decedent's heirs at law at the time of his death; and the mental anguish incurred by ███████ surviving family.

52.    By negligently inflicting emotional distress upon ███████, as set forth herein, Defendants, Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against the said Defendants.

**SIXTH CAUSE OF ACTION: NEGLIGENT HIRING/RETENTION/TRAINING**

53.    Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 52 above of the Verified Complaint as if stated with particularity herein.

54.    Defendants, The Town of DeWitt, the Town of DeWitt Police Department, The County of Onondaga and the Onondaga County Sheriff's Department had a duty to the public at large, including ███████, to properly hire/retain/and train their police officers.

55.    At all material times herein, the foregoing Defendants beached their aforesaid duty of care by carelessly and negligently hiring/retaining and/or training police officers, including, Officer Byron, Officer Menard, and Officer Bollinger, who did not have the experience, training, and/or qualifications necessary to provide adequate assistance for ███████.

13

56.    Defendants, The Town of DeWitt, the Town of DeWitt Police Department, The County of Onondaga and the Onondaga County Sheriff's Department knew or should have known that the police officers charged with the care of ████████ were not properly trained or qualified to make the required determinations necessary to ensure Judson's well-being and safety.

57.    As a result of the actions of Defendants, as herein alleged, ████████ suffered pain, suffering, degradation and humiliation, permanent physical injuries, including wrongful death. As a further direct and proximate result of Defendants' negligence, Decedent, after experiencing significant conscious pain and suffering, ultimately died from injuries inflicted upon him after being repeatedly shot by Defendants.  Decedent is survived by family members, who are beneficiaries to the Estate and this action.  As a direct and proximate result of the Defendants' negligence, having caused the wrongful death of ████████ and/or the loss of his chance for survival, the above beneficiary and heirs at law suffered and will continue to suffer damages, including but not limited to the following: loss of support from the reasonably expected earning capacity of Decedent; loss of services of Decedent; loss of the society of Decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to Decedent's heirs at law at the time of his death; and the mental anguish incurred by ████████ surviving family.

## SEVENTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE 42 U.S.C. § 1983

58.    Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 57 above of the Verified Complaint as if stated with particularity herein.

14

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM

INDEX NO. 001367/2022
NYSCEF DOC. NO. 1                                                                  RECEIVED NYSCEF: 02/28/2022

59.    As set forth herein, ▉▉▉ suffered severe and permanent personal injury when he was brutally shot and killed by gun fire at the hands of Officer Byron, Officer Menard, and Officer Bollinger, and Trooper Fike.

60.    Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike were acting in the course and scope of their employment as police officers for Defendants, The Town of DeWitt, the Town of DeWitt Police Department, The County of Onondaga and the Onondaga County Sheriff's Department, and the State of New York.

61.    Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Verified Complaint, Defendants, Officer Byron, Officer Menard, and Officer Bollinger were the agents and employees of their codefendants, The Town of DeWitt, the Town of DeWitt Police Department, The County of Onondaga and the Onondaga County Sheriff's Department, and in doing the things alleged in this Verified Complaint were acting within the course and scope of that agency and employment. As such, Defendants, The Town of DeWitt, the Town of DeWitt Police Department, The County of Onondaga and the Onondaga County Sheriff's Department are vicariously liable for the acts of Officer Byron, Officer Menard, and Officer Bollinger.

62.    Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike used unreasonable, unnecessary, and excessive force during their attempted capture and detainment of ▉▉▉. Specifically, Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike without cause, justification, or reason, brutally assaulted ▉▉▉ by repeatedly discharging their police service weapons and striking ▉▉▉ with bullets about his body, wrongfully causing his death as alleged herein.

15

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM    INDEX NO. 001367/2022
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/28/2022

63.    At the time the police encountered ▇▇▇▇ he had committed no crime or offense whatsoever. Upon information and belief, prior to being shot and killed by Defendants, as herein alleged, ▇▇▇▇ was a minor who had never before been convicted of any crime or Penal Law offense.

64.    The deadly force used against ▇▇▇▇ by Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike was unreasonable in light of the circumstances. Specifically, upon information and belief, Defendants were repeatedly advised that ▇▇▇▇ only possessed an air soft BB gun. Upon information and belief, the police failed to make a proper inquiry into Judson's mental health history prior to discharging their firearms at ▇▇▇▇. Moreover, at the time of his death, ▇▇▇▇ had committed no crime or offense and was a seventeen (17) year old child with no record of any criminal history. Despite the same, during the attempted detention of ▇▇▇▇, Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike brutally shot and killed ▇▇▇▇ without cause or justification in a specific effort to humiliate, degrade, and wrongfully impose their own rule of justice upon ▇▇▇▇.

65.    The unreasonable, unnecessary, and excessive force used by Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike caused permanent substantial and material physical injury to ▇▇▇▇, including, wrongfully causing his death, as set forth herein.

66.    At the time of Judson's attempted detention by Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike, as herein alleged, the said police officers were acting under color of the laws and regulations of the United States; the State of New York; The Town of DeWitt; the Town of DeWitt Police Department; The County of Onondaga; and the Onondaga County Sheriff's Department.

**16**

67.     Upon information and belief, Defendants, The Town of DeWitt, the Town of DeWitt Police Department, The County of Onondaga, and the Onondaga County Sheriff's Department had in place policies and/or customs, including, but not limited to, body cam regulations, that specifically enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals, including, ███████, in direct violation of the Fourth Amendment (to wit: the right guaranteed under the Fourth Amendment to be free from unreasonable search and seizure) and other amendments to the U.S. Constitution.

68.     Upon information and belief, The Town of DeWitt, the Town of DeWitt Police Department, The County of Onondaga, and the Onondaga County Sheriff's Department had a policy and/or custom of tolerating misconduct by its police officers and encouraging misconduct by failing to adequately supervise, discipline, monitor, and train its police officers.

69.     By using excessive and unnecessary force, as set forth herein, Defendants acted with oppression, fraud, or malice, entitling the Estate to an award of punitive damages against the Defendants.

70.     Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b), and hereby makes a demand for the same.

**EIGHTH CAUSE OF ACTION: EXCESSIVE FORCE 42 U.S.C. § 1983 AS AGAINST DEFENDANTS OFFICERS BYRON, MENARD, BOLLINGER, AND TROOPER FIKE INDIVIDUALLY**

71.     Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 70 above of the Verified Complaint as if stated with particularity herein.

72.     Officer Byron's, Officer Menard's, Officer Bollinger's, and Trooper Fike's use of unreasonable, unnecessary, and excessive force violated ███████ clearly established constitutional rights under the Fourth Amendment (to wit: the right guaranteed under the Fourth

17

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM    INDEX NO. 001367/2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/28/2022

Amendment to be free from unreasonable search and seizure) and other amendments to the U.S. constitution and was not objectively reasonable in light of the circumstances.

73.    Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike acted willfully, deliberately, maliciously, or with reckless disregard for ████ established Fourth Amendment and other constitutional rights.

74.    As a result of the foregoing, ████ suffered severe and permanent injuries, including, but not limited to, wrongful death.

75.    By using excessive and unnecessary force, as set forth herein, Officer Byron, Officer Menard, Officer Bollinger, and Trooper Fike acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against the said Defendants.

76.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b), and hereby makes a demand for the same.

### NINTH CAUSE OF ACTION: 42 U.S.C. § 1983 MONELL LIABILITY AGAINST THE TOWN OF DEWITT, THE DEWITT POLICE DEPARTMENT, THE COUNTY OF ONONDAGA AND THE ONONDAGA COUNTY SHERIFF'S DEPARTMENT

77.    Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 76 above of the Verified Complaint as if stated with particularity herein.

78.    As set forth above, the policy or custom of The Town of DeWitt, the Town of DeWitt Police Department, The County of Onondaga, and the Onondaga County Sheriff's Department enabled its agents and employees to act with deliberate indifference to ████ constitutional Fourth Amendment and other constitutional rights.

79.    As a direct and proximate result of Defendants' actions, ████ suffered permanent bodily and other injuries as herein alleged including, but not limited to, wrongful death.

18

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM    INDEX NO. 001367/2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/28/2022

80.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b), and hereby makes a demand for the same.

81.    Plaintiff's damages exceed the jurisdiction of all lower courts.

82.    Plaintiff hereby demands a trial by jury.

**WHEREFORE**, Plaintiff asks for judgment against the Defendants for the following:

a.    Actual damages in an amount to be determined upon the jury trial of this action;

b.    Punitive damages in an amount to be determined upon the jury trial of this action;

c.    All attorney's fees and costs of this action;

d.    Prejudgment and post-judgment interest; and

e.    Such other and different relief that the Court deems just and appropriate.

February 24, 2022

Weisberg & Zukher, PLLC.
David E. Zukher, Esq.
*Counsel for Plaintiff*
109 South Warren Street, Suite 711
Syracuse, NY 13202
Tel:    (315) 701-2939
Fax:    (315) 701-2938

19

FILED: ONONDAGA COUNTY CLERK 02/28/2022 04:04 PM    INDEX NO. 001367/2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/28/2022

INDIVIDUAL VERIFICATION

STATE OF NEW YORK    )

COUNTY OF ONONDAGA ) SS:.

       I, the undersigned, Lotf Albahm on behalf of The Estate of ~~Hudson L. Albahm~~, depose and say:

I am the ___Administrator___, in this action; I have read the foregoing ___Verified Complaint___, and know the content thereof; the same is true to knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, I believe it to be true.

_Lotf Albahm_

Lotf Albahm,

Sworn to before me this _4th_ day of _February_, 20_22_

_David Zuller_

Notary Public

DAVID E. ZULLER, SR.
Notary Public, State of New York
No. 02ZU6140261
Qualified in Onondaga County
Commission Expires Jan. 23, 20 26