UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
========================================

Estate of JLA,

                Plaintiff

   -vs-

THE TOWN OF DEWITT,
THE TOWN OF DEWITT POLICE DEPARTMENT,
LUCAS BYRON, Individually,
MATTHEW MENARD, Individually,
COUNTY OF ONONDAGA,
ONONDAGA COUNTY SHERIFF'S DEPARTMENT,
AMY BOLLINGER, Individually and
COREY FIKE, Individually,

                Defendants

**VERIFIED ANSWER
with CROSSCLAIM**

Case No.: 5:22-cv-00287
       (MAD-ATB)

**DEMAND FOR JURY TRIAL**

========================================

    The Defendants, The Town of Dewitt, improperly named The Town of Dewitt Polie Department and Lucas Byron, Individually and Matthew Menard, Individually. by Sugarman Law Firm, LLP, answering the Verified Complaint of the Plaintiff, alleges:

    1.    DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "1" of Plaintiff's Verified Complaint.

    2.    DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "2" of Plaintiff's Verified Complaint.

    3.    ADMITS the allegations contained in paragraph "3" of Plaintiff's Verified Complaint.

    4.    DENIES the allegations contained in paragraph "4" of Plaintiff's Verified Complaint that the Town of Dewitt Police Department is a "municipal agency", as that is a legal

term subject to multiple interpretation and DENIES knowledge and information sufficient to form a belief as to the claims of "owned, operated and run by Defendant", as the Town of Dewitt Police Department is not a legal person, corporation or entity with the capacity to be sued.

5.      ADMITS the allegations contained in paragraph "5" of Plaintiff's Verified Complaint that Lucas Byron is an employee of The Town of Dewitt and was acting in his official capacity and within the scope of his employment at all times alleged in the Plaintiff's Verified Complaint and DENIES knowledge and information sufficient to form a belief as to the remaining claims contained in paragraph "5" of Plaintiff's Verified Complaint.

6.      ADMITS the allegations contained in paragraph "6" of Plaintiff's Verified Complaint that Matthew Menard is an employee of The Town of Dewitt and was acting in his official capacity and within the scope of his employment at all times alleged in the Plaintiff's Verified Complaint and DENIES knowledge and information sufficient to form a belief as to the remaining claims contained in paragraph "6" of Plaintiff's Verified Complaint.

7.      ADMITS upon information and belief the allegations contained in paragraph "7" of Plaintiff's Verified Complaint.

8.      DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "8" of Plaintiff's Verified Complaint.

9.      DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "9" of Plaintiff's Verified Complaint.

10.     DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "10" of Plaintiff's Verified Complaint.

11.     DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "11" of Plaintiff's Verified Complaint.

12. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "12" of Plaintiff's Verified Complaint.

13. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "13" of Plaintiff's Verified Complaint.

14. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "14" of Plaintiff's Verified Complaint.

15. With respect to paragraph "15", Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

16. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "16" of Plaintiff's Verified Complaint.

17. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "17" of Plaintiff's Verified Complaint.

18. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "18" of Plaintiff's Verified Complaint.

19. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "19" of Plaintiff's Verified Complaint.

20. DENIES the allegations contained in paragraph "20" of Plaintiff's Verified Complaint.

21. DENIES the allegations contained in paragraph "21" of Plaintiff's Verified Complaint.

22. DENIES the allegations contained in paragraph "22" of Plaintiff's Verified Complaint.

23. DENIES the allegations contained in paragraph "23" of Plaintiff's Verified Complaint.

24. With respect to paragraph "24", Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

25. DENIES the allegations contained in paragraph "25" of Plaintiff's Verified Complaint.

26. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "26" of Plaintiff's Verified Complaint.

27. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "27" of Plaintiff's Verified Complaint.

28. DENIES the allegations contained in paragraph "28" of Plaintiff's Verified Complaint.

29. DENIES the allegations contained in paragraph "29" of Plaintiff's Verified Complaint.

30. With respect to paragraph "30", Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

31. DENIES the allegations contained in paragraph "31" of Plaintiff's Verified Complaint.

32. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "32" of Plaintiff's Verified Complaint.

33. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "33" of Plaintiff's Verified Complaint.

34. DENIES the allegations contained in paragraph "34" of Plaintiff's Verified Complaint.

35. DENIES the allegations contained in paragraph "35" of Plaintiff's Verified Complaint.

36. With respect to paragraph "36", Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

37. DENIES the allegations contained in paragraph "37" of Plaintiff's Verified Complaint.

38. DENIES the allegations contained in paragraph "38" of Plaintiff's Verified Complaint.

39. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "39" of Plaintiff's Verified Complaint.

40. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "40" of Plaintiff's Verified Complaint.

41. With respect to paragraph "41", Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

42. DENIES the allegations contained in paragraph "42" of Plaintiff's Verified Complaint.

43. DENIES the allegations contained in paragraph "43" of Plaintiff's Verified Complaint.

44. DENIES the allegations contained in paragraph "44" of Plaintiff's Verified Complaint.

45. DENIES the allegations contained in paragraph "45" of Plaintiff's Verified Complaint.

46. DENIES the allegations contained in paragraph "46" of Plaintiff's Verified Complaint.

47. With respect to paragraph "47", Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

48. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "48" of Plaintiff's Verified Complaint.

49. DENIES the allegations contained in paragraph "49" of Plaintiff's Verified Complaint.

50. DENIES the allegations contained in paragraph "50" of Plaintiff's Verified Complaint.

51. DENIES the allegations contained in paragraph "51" of Plaintiff's Verified Complaint.

52. DENIES the allegations contained in paragraph "51" of Plaintiff's Verified Complaint.

53. With respect to paragraph "53", Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

54. ADMITS upon information and belief the allegations contained in paragraph "54" of Plaintiff's Verified Complaint.

55. DENIES the allegations contained in paragraph "55" of Plaintiff's Verified Complaint.

56. DENIES the allegations contained in paragraph "56" of Plaintiff's Verified Complaint.

57. DENIES the allegations contained in paragraph "57" of Plaintiff's Verified Complaint.

58. With respect to paragraph "58", Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

59. DENIES the allegations contained in paragraph "59" of Plaintiff's Verified Complaint.

60. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "60" of Plaintiff's Verified Complaint.

61. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "61" of Plaintiff's Verified Complaint.

62. DENIES the allegations contained in paragraph "62" of Plaintiff's Verified Complaint.

63. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "63" of Plaintiff's Verified Complaint.

64. DENIES the allegations contained in paragraph "64" of Plaintiff's Verified Complaint.

65. DENIES the allegations contained in paragraph "65" of Plaintiff's Verified Complaint.

66. DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "66" of Plaintiff's Verified Complaint.

67. DENIES the allegations contained in paragraph "67" of Plaintiff's Verified Complaint.

68. DENIES the allegations contained in paragraph "68" of Plaintiff's Verified Complaint.

69. DENIES the allegations contained in paragraph "69" of Plaintiff's Verified Complaint.

70. DENIES the allegations contained in paragraph "70" of Plaintiff's Verified Complaint.

71. With respect to paragraph "71", Defendant repeats, reiterates, and realleges each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

72. DENIES the allegations contained in paragraph "72" of Plaintiff's Verified Complaint

73. DENIES the allegations contained in paragraph "73" of Plaintiff's Verified Complaint.

74. DENIES the allegations contained in paragraph "74" of Plaintiff's Verified Complaint.

75. DENIES the allegations contained in paragraph "75" of Plaintiff's Verified Complaint.

76. DENIES the allegations contained in paragraph "76" of Plaintiff's Verified Complaint.

77. With respect to paragraph "77", Defendant repeats, reiterates, and realleges each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

78. DENIES the allegations contained in paragraph "78" of Plaintiff's Verified Complaint.

79. DENIES the allegations contained in paragraph "79" of Plaintiff's Verified Complaint.

80. DENIES the allegations contained in paragraph "80" of Plaintiff's Verified Complaint.

81. DENIES the allegations contained in paragraph "81" of Plaintiff's Verified Complaint.

82. ADMITS the allegations contained in paragraph "82" of Plaintiff's Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

83. That whatever injuries the Decedent sustained were caused or were contributed to by the culpable conduct of the Decedent.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

84. In the event Plaintiff has judgment against the Defendants, the Defendants are entitled to set-off or reduction of any damage award, liability for which is expressly denied, for amounts received from any collateral sources as defined by CPLR §4545, including but not limited to, insurance, Social Security, or employee benefit programs.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

85. That the Verified Complaint fails to state a cause of action upon which relief may be properly granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

86. That Defendants are entitled to a complete and qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

87. That Defendants at all times acted reasonably, in good faith and without malice.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

88. Plaintiff's negligence claim is in the nature of a claim for respondeat superior liability which is not a separate cause of action and is barred by Plaintiff's separate action against the individual Officers.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

89. Punitive damages are not recoverable versus a Municipality.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

90. The employment, training, retention and supervision of the Officers in question did not create an unreasonable risk of harm to Decedent or anyone else.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

91. The Plaintiff's claims are barred, in whole or in part, because the answering Defendant Officers took actions which are privileged as being discretionary determinations while acting within the scope of their duties as a public officials and therefore, the answering Defendants are immune from any liability for such actions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

92. Plaintiff's Verified Complaint fails to state a cause of action for punitive damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

93. Any attempt by Plaintiff to recover punitive damages or exemplary damages violates the answering Defendants' constitutional right to protection against "excessive fines" as provided by Article I, Section 5 of the Constitution of the State of New York, and is therefore unconstitutional because it violates the answering Defendants' right to substantive and procedural due process.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

94. Decedent engaged in culpable conduct, which caused all or part of the damages alleged; Decedent, by his own conduct, assumed a risk of injury. Decedent voluntarily engaged in a dangerous activity and in doing so, assumed the risks attendant thereto, and those risks were open, obvious and known.

### AS AND FOR A THIRTEENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANT ALLEGES:

95. To the extent any alleged assault and/or battery occurred (which is specifically denied), the force used if any, was reasonable and proportionate under the circumstances, as the answering Defendants faced an immediate threat of physical harm or death.

### AS AND FOR A FOURTEENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANT ALLEGES:

96. That at all times, the Defendants' actions were reasonable under the circumstances.

### AS AND FOR A FIFTEENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANT ALLEGES:

97. In the event that Plaintiff has or will in the future settle any portion of the claims arising from the allegations contained in the Verified Complaint with any currently named or still to be named Defendant, the respective rights of the remaining parties should be determined pursuant to §15-108 of the General Obligations Law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANT ALLEGES:

98. At all times relevant to the incident set forth in Plaintiff's Verified Complaint, the answering Defendants were engaged in the performance of their duties as a Police Officer and acted with and pursuant to a bona fide, good-faith belief that their actions were lawful, justified, reasonable and in keeping with their proper duties as a Police Officer and in keeping with their duty and responsibility in protecting themselves and fellow Officers and the general public from the potential harm and danger the Decedent presented.

### AS AND FOR A CROSSCLAIM AGAINST DEFENDANTS,
### COUNTY OF ONONDAGA,
### ONONDAGA COUNTY SHERIFF'S DEPARTMENT,
### AMY BOLLINGER, Individually and
### COREY FIKE, Individually,
### THE ANSWERING DEFENDANTS ALLEGE:

100. That if the Plaintiff sustained any damages as alleged in the Verified Complaint through any acts or omissions other than the Decedent's own, such damages were caused by the acts or omissions of the co-defendants, County Of Onondaga, Onondaga County Sheriff's Department, Amy Bollinger, Individually and Corey Fike, Individually, then the answering Defendants demand judgment over and against the said co-defendants, County Of Onondaga, Onondaga County Sheriff's Department, Amy Bollinger, Individually and Corey Fike, Individually, for contribution or indemnity for any part or all of such judgment as may be found to be due and owing by this answering Defendants.

WHEREFORE, Defendants, The Town of Dewitt, improperly named The Town of Dewitt Polie Department and Lucas Byron, Individually and Matthew Menard, Individually, demand judgment dismissing the Amended Complaint herein as to the answering Defendants and further demands that any judgment recovered by Plaintiff against the answering Defendants be reduced in proportion to the Decedent's culpable conduct and in accordance with CPLR Article 16 and CPLR §4545, and further demands judgment over and against the Defendants, County Of Onondaga, Onondaga County Sheriff's Department, Amy Bollinger, Individually and Corey Fike, for the amount of any judgment which may be obtained by the Plaintiff against the answering Defendants or in such amount as the Court or jury may direct, together with the costs and disbursements of this action and for such other and further relief as the Court deems just and proper..

**DEFENDANTS DEMAND A JURY TRIAL**

DATED:  March 31, 2022

_____
Paul V. Mullin, Esq.
Bar Roll No.: 2033520

                                    Sugarman Law Firm, LLP
                                    Attorneys for Defendants,
                                      The Town of Dewitt,
                                      The Town of Dewitt Police Department,
                                      Lucas Byron, Individually and
                                      Matthew Menard, Individually
                                    211 West Jefferson St.
                                    Syracuse, NY 13202
                                    315-474-2943
                                    pmullin@sugarmanlaw.com

TO:    David E. Zukher, Esq.
          Weisberg & Zukher, PLLC
          Attorneys for Plaintiff
          109 S. Warren St. – Suite 711
          Syracuse, NY 13202
          315-701-2939
          davidz@wzlaw.com

cc:    John E. Heisler Jr., Esq.
          Onondaga County Department of Law
          Attorneys for County of Onondaga and
            Amy Bollinger, Individually
          John H. Mulroy Civic Center – 10th Floor
          421 Montgomery St.
          Syracuse, NY 13202
          315-435-2170
          johnheislerjr@ongov.net

## VERIFICATION

STATE OF NEW YORK   )
COUNTY OF ONONDAGA) ss:

    I, Chase Bilodeau, being duly sworn, deposes and says, that deponent is a Chief of Police for Town of Dewitt Police Department in the within action, that deponent has read the foregoing Answer with Crossclaim and knows the contents thereof; and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

DATED: March 31, 2022

_____
Chase Bilodeau, Chief of Police

STATE OF NEW YORK   )
COUNTY OF ONONDAGA) ss:

    On March 31st, 2022, before me, the undersigned, personally appeared, Chase Bilodeau, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

JAMES S. EMM
Notary Public - State of New York
No. 01EM6413265
Qualified in Onondaga County
Commission Expires January 25, 2025

Sugarman Law Firm, LLP   •   211 West Jefferson Street   •   Syracuse, NY 13202

## VERIFICATION

STATE OF NEW YORK     )
COUNTY OF ONONDAGA) ss:

    I, LUCAS BYRON, being duly sworn, deposes and says, that deponent is a Defendant in the within action, that deponent has read the foregoing Answer with Crossclaim and knows the contents thereof; and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

DATED:   April 1, 2022

_____
Lucas Byron, Individually


STATE OF NEW YORK     )
COUNTY OF ONONDAGA) ss:

    On April 1, 2022, before me, the undersigned, personally appeared Lucas Byron, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

LAURA S. PULASKI
Notary Public, State of New York
Qualified in Onon. Co. No. 01PU6043201
Commission Expires 06/05/2022

## **VERIFICATION**

STATE OF NEW YORK     )
COUNTY OF ONONDAGA) ss:

I, MATTHEW MENARD, being duly sworn, deposes and says, that deponent is a Defendant in the within action, that deponent has read the foregoing Answer with Crossclaim and knows the contents thereof; and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

DATED:  March 31, 2022

_____
Matthew Menard, Individually

STATE OF NEW YORK    )
COUNTY OF ONONDAGA) ss:

On March 31, 2022, before me, the undersigned, personally appeared Matthew Menard, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

LAURA S. PULASKI
Notary Public, State of New York
Qualified in Onon. Co. No. 01PU6043201
Commission Expires 06/05/2022