United States District Court
Northern District for New York
_____

Estate of JLA,

                        Plaintiff,                       Case No. 5:22-cv-00287-MAD-ATB

      V                                             Cross Claim

Town of DeWitt et al.,

                        Defendants.
_____

     County of Onondaga and Amy Bollinger (defendants), as a cross claim, allege on information and belief:

First Cross Claim

     1. If defendants and Town of DeWitt (Town) are subject to liability for plaintiff's damages partly caused by the culpable conduct of Town, defendants are entitled to contribution from Town in the amount of the excess paid by defendants over and above defendants' equitable share of any judgment for damages recovered by plaintiff, determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's damages.

Second Cross Claim

     2. If defendants and Town are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Town, defendants are entitled to common law indemnity from Town in the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and in the amount paid by defendants of a judgment for damages recovered by plaintiff.

Third Cross Claim

3. If defendants and Lucas Byron (Byron) are subject to liability for plaintiff's damages partly caused by the culpable conduct of Byron, defendants are entitled to contribution from Byron in the amount of the excess paid by defendants over and above defendants' equitable share of any judgment for damages recovered by plaintiff, determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's damages.

Fourth Cross Claim

4. If defendants and Byron are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Byron, defendants are entitled to common law indemnity from Byron in the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and in the amount paid by defendants of a judgment for damages recovered by plaintiff.

Fifth Cross Claim

5. If defendants and Matthew Menard (Menard) are subject to liability for plaintiff's damages partly caused by the culpable conduct of Menard, defendants are entitled to contribution from Menard in the amount of the excess paid by defendants over and above defendants' equitable share of any judgment for damages recovered by plaintiff, determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's damages.

Sixth Cross Claim

6. If defendants and Menard are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Menard, defendants are entitled to common law indemnity from Menard in the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and in the amount paid by defendants of a judgment for damages recovered by plaintiff.

Seventh Cross Claim

7. If defendants and Corey Fike (Fike) are subject to liability for plaintiff's damages partly caused by the culpable conduct of Fike, defendants are entitled to contribution from Fike in the amount of the excess paid by defendants over and above defendants' equitable share of any judgment for damages recovered by plaintiff, determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's damages.

Eighth Cross Claim

8. If defendants and Fike are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Fike, defendants are entitled to common law indemnity from Fike in the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and in the amount paid by defendants of a judgment for damages recovered by plaintiff.

Demand for Relief

9. Defendants demand a judgment that defendants have contribution from and recover of Town the amount of the excess paid by defendants over and above defendants' equitable share of a judgment for damages recovered by plaintiff, if defendants and Town are subject to liability for plaintiff's damages partly caused by the culpable conduct of Town.

10. Defendants demand a judgment that defendants have common law indemnity from and recover of Town the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and the amount paid by defendants of a judgment for damages recovered by plaintiff, if defendants and Town are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Town.

11. Defendants demand a judgment that defendants have contribution from and recover of Byron the amount of the excess paid by defendants over and above defendants' equitable share of a judgment for damages recovered by plaintiff, if defendants and Byron are subject to liability for plaintiff's damages partly caused by the culpable conduct of Byron.

12. Defendants demand a judgment that defendants have common law indemnity from and recover of Byron the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and the amount paid by defendants of a judgment for damages recovered by plaintiff, if defendants and Byron are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Byron.

    13. Defendants demand a judgment that defendants have contribution from and recover of Menard the amount of the excess paid by defendants over and above defendants' equitable share of a judgment for damages recovered by plaintiff, if defendants and Menard are subject to liability for plaintiff's damages partly caused by the culpable conduct of Menard.

    14. Defendants demand a judgment that defendants have common law indemnity from and recover of Menard of the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and the amount paid by defendants of a judgment for damages recovered by plaintiff, if defendants and Menard are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Menard.

    15. Defendants demand a judgment that defendants have contribution from and recover of Fike the amount of the excess paid by defendants over and above defendants' equitable share of a judgment for damages recovered by plaintiff, if defendants and Fike are subject to liability for plaintiff's damages partly caused by the culpable conduct of Fike.

    16. Defendants demand a judgment that defendants have common law indemnity from and recover of Fike the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending against plaintiff's cause of action for damages, and the amount paid by defendants of a judgment for damages recovered by plaintiff, if defendants and Fike are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Fike.

17. Defendants demand costs and disbursements of the cross claims.

Dated: 29 April 2022

s/ John E. Heisler Jr.
Bar Number: 301476
Attorney for County of Onondaga and Amy Bollinger
Onondaga County Department of Law
John H. Mulroy Civic Center, 10th Floor
421 Montgomery Street
Syracuse, NY 13202
Telephone: (315) 435-2170
Fax: (315) 435-5729
Email: johnheislerjr@ongov.net