# COUNTY OF ONONDAGA



**J. Ryan McMahon, II**  
**County Executive**

**Robert A. Durr**  
**County Attorney**

## DEPARTMENT OF LAW
John H. Mulroy Civic Center, 10th Floor  
421 Montgomery Street  
Syracuse, New York 13202  
Telephone: (315) 435-2170  
Fax: (315) 435-5729

19 August 2022

(By CM/ECF.)

Hon. Andrew T. Baxter  
James M. Hanley Federal Building & U.S. Courthouse  
100 South Clinton Street  
Syracuse, New York 13261

Re:    *Estate of JLA v Town of DeWitt*  
        U.S. Dist. Ct., ND NY  
        Case No. 5:22-cv-00287-MAD-ATB

Dear Judge Baxter:

      The defendants, County of Onondaga and Amy Bollinger, as clients, are represented by the county attorney, as lawyer, in this action.

      Each such defendant who is an individual was informed in writing by the county attorney that a lawyer's obligations to a client are to assert a client's position under the rules of the adversary system, maintain a client's confidential information except in limited circumstances, act with loyalty to a client during the representation, provide competent and diligent representation to a client, not intentionally prejudice or damage a client during the representation, and not represent a client where the representation involves the lawyer in representing differing interests that will adversely affect the judgment or loyalty of the lawyer to a client.

      Each such defendant who is an individual was informed in writing by the county attorney that a lawyer's being involved in representing differing interests that will adversely affect the judgment or loyalty of the lawyer to a client is inherent where the lawyer represents more than one client in the same or a substantially related action.

      Each such defendant who is an individual was informed in writing by the county attorney that County of Onondaga, as client, is represented by the county attorney, as lawyer, in this action.

Hon. Andrew T. Baxter
19 August 2022
Page 2

  Each such defendant who is an individual was informed in writing by the county attorney that the rules of professional conduct which govern a lawyer admitted to the practice of law in the United States District Court for the Northern District of New York disqualify a lawyer from representing more than one client in the same or a substantially related action, unless the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client, the representation is not prohibited by law, the representation does not involve the assertion of a claim by one client against another client, and each affected client gives informed written consent to the lawyer's representing more than one client.  (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7; L.R. 83.3 [d]).

  Each such defendant who is an individual gave informed written consent to joint representation of all such defendants, as clients, by the county attorney, as lawyer, in this action, by making a so-called *Dunton* affidavit.  (*Dunton v County of Suffolk*, 580 F Supp 974 [ED NY 30 Sep 83]; *Dunton v County of Suffolk*, 729 F2d 903 [2d Cir 28 Dec 84]; *Dunton v County of Suffolk*, 748 F2d 69 [2d Cir 30 Oct 84]; *In re County of Suffolk*, 469 US 1029 [20 Nov 84]).

             Very truly yours,

             John E. Heisler Jr.
             Chief Deputy County Attorney