IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ESTATE OF JLA,

                      **Plaintiff,**

  - against -

THE TOWN OF DEWITT,
THE TOWN OF DEWITT POLICE DEPARTMENT,
LUCAS BYRON, Individually,
MATTHEW MENARD, Individually,
COUNTY OF ONONDAGA,
ONONDAGA COUNTY SHERIFF'S DEPARTMENT,
AMY BOLLINGER, Individually and
COREY FIKE, Individually

                      **Defendants.**

Civil Action No. 5:22-cv-287
(MAD/ATB)

---

## **CONFIDENTIALITY ORDER**

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.    <u>Findings</u>:  The Court finds that the parties to this case may request or produce constituting law enforcement materials the disclosure of which would reveal or jeopardize tactics, methods, strategies, techniques, intelligence, or personal and other private data of State personnel, witnesses, and other private citizens.

2.    <u>Definitions</u>:

    a)    "Party" means a named party in this case.  "Person" means an individual or an entity.  "Producer" means a person who produces information via the

discovery process in this case.  "Recipient" means a person who receives information via the discovery process in this case.

        b)      "Confidential" information is information constituting law enforcement materials the disclosure of which would reveal or jeopardize tactics, methods, strategies, techniques, intelligence, or personal and other private data of State personnel, witnesses, and other private citizens, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

        c)      "Highly Confidential," or its equivalent, "Attorney's Eyes Only" information is information described above that is more sensitive or strategic than Confidential information and the disclosure of which is likely to significantly harm legitimate law enforcement objectives, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

        d)      Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order.  Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

    3.      <u>Designation of Information as Confidential or Highly Confidential</u>:

        a)      A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b) A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or either "HIGHLY CONFIDENTIAL" or ATTORNEY'S EYES ONLY." By making documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential, a producing party does not forfeit a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient.

c) A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

d) A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

e) A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

f) If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer

shall then meet and confer to attempt to resolve the dispute without involvement of the Court.  If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's designation.  The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential.  In the event such an application is made, the information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute.  A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4. <u>Use and Disclosure of Confidential or Highly Confidential Information</u>:

a) Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

b) Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following:  (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel, including paralegal, secretarial and clerical personnel assisting such counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party

employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court, including court-appointed mediators and their staffs.

  c) Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi).

  d) A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order.

  e) Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

  f) A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

  g) Nothing contained herein shall be construed to provide a basis to withhold from production any materials required to be disclosed by freedom of information or other applicable laws concerning the right of public access to governmental documents or information pursuant to a properly made request therefor.

5. <u>Copies</u>:  A party producing documents as part of discovery must, upon request, furnish the requesting party with one copy of the documents it requests, at the requesting party's expense.  Before copying, the parties must agree upon the rate at which the requesting party will be charged for copying.

6. <u>Inadvertent Disclosure</u>:  Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

7. <u>Filing With the Court</u>:

    a)   This protective order does not, by itself, authorize the filing of any document under seal.  Notwithstanding any other provision of this Order, documents and things may not be filed under seal with the Clerk of this Court unless such sealing is authorized by a separate order upon an express finding that the documents or things, or portions thereof to be sealed, satisfy the requirements for sealing under *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110 (2d Cir. 2006).

    b)   If a party wishes to file in the public record a document that another producer has designated as Confidential or Highly Confidential, the party must advise the producer of the document no later than five business days before the document is due to be filed, so that the producer may move the Court to require the document to be filed under seal.

8. <u>Document Disposal</u>:  Promptly upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential or Highly

Confidential information.  Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information.  The party returning and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph.  Notwithstanding the requirements of this paragraph, a party's counsel may retain one complete set of all documents filed with the Court and one complete set of discovery materials, remaining subject to all requirements of this order.

9. <u>Originals</u>:   A legible photocopy of a document may be used as the "original" for all purposes in this action.  The actual "original," in whatever form the producing party has it, must be made available to any other party within fourteen days after a written request.

10. <u>Survival of Obligations</u>:  This Order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

**SO ORDERED**

_____                Dated:_____
United States Magistrate Judge Andrew T. Baxter

16115975

## APPENDIX I

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF NEW YORK

---

**ESTATE OF JLA,**

                     **Plaintiff,**

  - against -                                  **Civil Action No. 5:22-cv-287 (MAD/ATB)**

**THE TOWN OF DEWITT,**
**THE TOWN OF DEWITT POLICE DEPARTMENT,**
**LUCAS BYRON, Individually,**
**MATTHEW MENARD, Individually,**
**COUNTY OF ONONDAGA,**
**ONONDAGA COUNTY SHERIFF'S DEPARTMENT,**
**AMY BOLLINGER, Individually and**
**COREY FIKE, Individually**

                     **Defendants.**

---

I, _____ state the following under penalties of perjury as provided by law:

I have been retained by _____ as an expert or consultant in connection with this case. I will be receiving Confidential information that is covered by the Court's protective order dated _____. I have read the Court's protective order and understand that the Confidential information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the Confidential information solely for purposes of this case. I understand that neither the Confidential information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the Confidential information

and any notes concerning that information to the attorney for _____ or to destroy the information and any notes at that attorney's request.

      I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

                                                  [signature]

Subscribed and sworn to before me
this \_\_\_\_ day _____ of 2023

_____
Notary Public

16115975